Dewmar Construction Co., Inc. (sub nom. Dorba Homes, Inc., et al.) v. Commissioner. Lumar Homes, Inc. (sub nom. Dorba Homes, Inc., et al.) v. Commissioner.
Dewmar Constr. Co. v. Commissioner
Docket Nos. 973-65, 977-65.
United States Tax Court
T.C. Memo 1969-165; 1969 Tax Ct. Memo LEXIS 130; 28 T.C.M. (CCH) 826; T.C.M. (RIA) 69165; August 13, 1969, Filed H. Stewart Dunn, Jr., and William C. Gifford, Jr., for the petitioners. Patrick W. Johnson for the respondent. 827 DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: These cases are now before this Court on remand from the United States Court of Appeals for the Second Circuit, the other related cases (consolidated and decided sub nom. Dorba Homes, Inc., et al. v. Commissioner) having been affirmed. In our original opinion, T.C. Memo. 1967-150, we held that control of Dewmar Construction Co., Inc., and Lumar Homes, Inc. (hereafter referred to as Dewmar and Lumar and sometimes as petitioners) was acquired respectively by Gerald E. Cook and Dorothy E. Cook, husband and wife, and Ellery J. Caldwell and Lula M. Caldwell, husband and wife, that each husband and wife acquired *131 the benefit of credits (surtax exemptions) which they would not otherwise have enjoyed, and that the principal purpose in creating and acquiring control of petitioners was the acquisition of such credits. Accordingly, we sustained respondent's contention under section 269, I.R.C. 1954, denying petitioners the benefit of the surtax exemptions. In remanding these cases to this Court, the Court of Appeals 403 F. 2d at 506) stated: Petitioners' second major contention on appeal is that the Tax Court improperly attributed to Caldwell and Cook the shares of stock of their wives in Lumar and Dewmar, respectively, in order to satisfy the 50 percent stock ownership requirement of § 269. * * * Had the Tax Court specifically found that Caldwell and Cook were the beneficial owners of their wives' stock, which it did not do, § 269 could properly have been applied to deny the surtax exemption. Ach v. Commissioner 358 F. 2d 342 (6 Cir. 1966). To sustain the applicability of § 269 to this present case, however, without such a holding, requires this court either to attribute the wives' stock to the husbands through a broad interpretation of the *132 Code's attribution rules, to apply § 269 to the wives' individual acquisition of control, or to disregard § 269's definition of "control" in favor of a definition, urged by the Commissioner, "based on broad principles of tax law and the actualities of the situation." None of these grounds is persuasive, however. First, the Tax Court did not decide nor does the Commissioner argue that attribution rules apply in determining control under § 269. * * * Second, it does not seem likely that Congress intended § 269 to apply, in surtax exemption cases, to the acquisition of control in only one corporation. * * * Although the language of § 269 would support such an interpretation, this court is inclined to limit § 269, in surtax exemption cases, to situations where there is control of two or more corporations. In this case, it is clear that the wives had no such additional controlling interests. Third, we are not persuaded to expand further § 269's specific definition of control, since there is already provision for consideration of the "actualities of the situation." See Ach v. Commissioner, supra.Accordingly, we reject these three grounds for affirmance and remand the *133 case for determination of the beneficial ownership of the wives' stock. We are thus confronted, on this remand, with one narrow issue: Were Ellery J. Caldwell and Gerald E. Cook the beneficial owners of their wives' stock within the rationale and mandate of the Court of Appeals opinion. A hearing was set for March 5, 1969, to consider what further proceedings would be taken and for consideration of any motions filed with respect thereto. Both parties filed motions for the finding of additional facts prior to said hearing. At the hearing the parties agreed that the taking of further evidence would be unnecessary and that a stipulation of additional facts would be submitted. Pursuant to said agreement the parties submitted an additional stipulation of facts which is incorporated herein by reference. Both parties have filed a remand brief and a reply brief, and oral arguments were heard on July 9, 1969. Findings of Fact We will give a brief summary of the facts leading up to the creation of petitioners and thereafter the pertinent facts relating to Dewmar and Lumar, respectively. Since 1946 Ellery J. Caldwell (hereafter referred to as Caldwell) and Gerald E. Cook (hereafter referred *134 to as Cook) have engaged in various aspects of the residential construction business in both partnership and corporate forms in the vicinity of Rochester, New York. By August 1955 Caldwell and Cook had formed five separate corporations, in addition to a partnership, for the carrying on of business. In August 1955 Dewmar was created with Cook and his wife as shareholders. Thereafter in July 1959 Lumar was created along the lines of Dewmar with Caldwell and his wife as shareholders. 828 Dewmar On November 15, 1955, Dewmar issued its stock certificate No. 1, representing eight shares of the capital stock of Dewmar, to Dorothy E. Cook in consideration of the receipt of $800 from Dorothy E. Cook. On the same day, Dewmar's stock certificate No. 2, representing two shares of the capital stock of Dewmar, was issued to Cook in consideration of the receipt of $200 from Cook. No other shares have been issued by Dewmar to these shareholders or to any other person. Neither Cook nor his wife has made any transfer of these shares to each other or to any other person. Neither Cook nor his wife has or has had any understanding, agreement, or other arrangement to transfer these shares to each *135 other or to any other person, and neither holds or has held stock in Dewmar in a fiduciary capacity such as nominee, agent, guardian, custodian, or trustee for any person. Cook's wife never gave him possession of the stock certificate representing her eight shares nor has Cook ever used that certificate or the eight shares represented thereby for purposes of obtaining credit on his own behalf or on behalf of any other person. The officers of Dewmar since its formation in 1955 until the present time are as follows: President and SecretaryGerald E. Cook Vice President Dorothy E. Cook Treasurer Percival D. Oviatt, Jr. Lumar On July 9, 1959, Lumar issued its certificate No. 1, representing eight shares of the capital stock of Lumar, to Lula M. Caldwell in consideration of the receipt of $800 from Lula M. Caldwell. On the same day, Lumar issued its certificate No. 2, representing two shares of the capital stock of Lumar, to Caldwell in consideration of the receipt of $200 from Caldwell. No other shares have been issued by Lumar to these shareholders or to any other person. Neither Caldwell nor his wife has made any transfer of these shares to each other or to any other person. *136 Neither Caldwell nor his wife has or has had any understanding, agreement, or other arrangement to transfer these shares to each other or to any other person, and neither holds nor has held stock in Lumar in a fiduciary capacity such as a nominee, agent, guardian, custodian, or trustee for any person. Caldwell's wife never gave him possession of the stock certificate representing her eight shares nor has Caldwell ever used that certificate or the eight shares represented thereby for purposes of obtaining credit on his own behalf or on behalf of any other person. The officers of Lumar since its creation in 1959 until the present time have been as follows: President Lula M. Caldwell Vice President Ellery J. Caldwell and Treasurer Secretary Percival D. Oviatt, Jr. Opinion The single issue for our decision on remand is whether Gerald E. Cook and Ellery J. Caldwell were the beneficial owners of their wives' stock in Dewmar and Lumar, respectively, within the rationale of the Court of Appeals opinion and its mandate. It is the petitioners' contention that any benefits derived from the wives' stock would inure to the wives, not their husbands, and that therefore the wives are *137 the beneficial owners as well as the record owners of such stock. Petitioners rely upon the facts that the wives were the record owners of 80 percent of the voting stock of petitioners, that the wives did not hold such stock as a nominee, agent, guardian, custodian or trustee for their husbands or any other persons, and that the wives had no agreement or understanding with their husbands to transfer such stock to their husbands or to any other persons. Respondent's contention, on the other hand, is that the wives are part of a representative group of persons who acquired control of the petitioners for the purpose of tax avoidance and that the husbands' representative ownership constituted beneficial ownership of their wives' stock. Bobsee Corp. v. United States, 411 F. 2d 231 (C.A. 5, May 1, 1969). The respondent's theory is based on the facts that the wives took no part in the operations of the petitioners and were the dominant members of the integrated group which controlled petitioners. Respondent argues that beneficial ownership should not be determined by traditional technical definition, but rather as a factual question going to the "actualities of the situation. *138 " We are unable to accept the respondent's contentions on remand, however, since the rationale of his argument is the same as 829 that which we expressed in our original opinion and which the Court of Appeals expressly rejected. There is no evidence to show that the wives held their stock for the benefit of their husbands or in a fiduciary capacity. Although they did not actively participate in the management of the corporations it seems clear from the evidence that they were entitled to all the benefits inuring to the stock issued in their names and that they could have disposed of the stock by sale, gift, will, or in any other manner they desired, without the consent of their husbands. There is no evidence that the husbands ever attempted to or did exercise control over the stock issued in the wives' names, although they did manage the business of the corporations. While it is true, as argued by respondent, that in determining beneficial ownership under normal circumstances we could look at all different concepts of beneficial ownership to reach our conclusion, under the circumstances here present we do not believe the Court of Appeals intended that we should consider whether *139 group or representative ownership was tantamount to beneficial ownership in the husbands within the purview of section 269 because that court already had that argument before it when it reversed and remanded our decision. We think the Court of Appeals remanded these cases for us to determine whether there is any evidence that the wives held the stock of petitioners in a fiduciary capacity or otherwise for the benefit of their husbands. As already noted, we have found no such evidence and therefore must conclude under the mandate that the husbands were not the beneficial owners of the stock. Inasmuch as the wives were the owners of 80 percent of the stock of these two corporations and thus had "control" of these corporations but had no controlling interests in any other corporations, and under the mandate of the Court of Appeals the acquisition of control of only one corporation does not permit disallowance of the surtax exemption to that corporation under section 269, we must hold for petitioners. It seems to us that respondent's arguments that the wives and husbands were acting jointly and that the husbands were the beneficial owners because they managed and controlled the two *140 corporations and thus were the representative owners of the stock is contrary to the rationale under which the Court of Appeals remanded these cases. Decisions will be entered for the petitioners.